UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSIE K. ARBONEAUX                         CIVIL ACTION

VERSUS                                     NO: 08-4401

TARGET CORPORATION                         SECTION: R(1)


**ORDER AND REASONS**

Before the Court is plaintiff's motion to reopen the case
under Federal Rule of Civil Procedure 60(b) (R. Doc. 19) and
plaintiff attorney's motion to enroll as counsel of record.  (R.
Doc. 18).  For the following reasons, this Court GRANTS both
motions.


I.     **BACKGROUND**

On May 27, 2009, plaintiff Josie K. Arboneaux's former
counsel, Christopher H. Riviere, moved to withdraw as Arboneaux's
attorney.  (R. Doc. 12).  After this Court granted the motion, it
ordered a hearing to show cause concerning Arboneaux's

representation. (R. Doc. 14). The order specifically stated
that if Arboneaux had engaged new counsel, "personal appearance
by such counsel [wa]s required in lieu of the personal appearance
of the plaintiff." (R. Doc. 14). Arboneaux received notice of
the hearing on June 4, 2009, as evidenced by her signature on a
return of service receipt. (R. Doc. 16). At the show cause
hearing, however, neither Arboneaux nor any newly engaged counsel
appeared.

On July 2, 2009 the Court dismissed Arboneaux's suit with
prejudice. (R. Doc. 17). In so doing, the Court noted that
Arboneaux failed to provide any discovery, as was required by the
Court's scheduling order(R. Doc. 5), failed to respond to any
contact by the Court following Riviere's motion to withdraw,
disregarded the Court's order to show cause, and failed to appear
at the show cause hearing. (R. Doc. 17). The Court inferred
from these numerous miscues that Arboneaux lacked interest in the
suit and dismissed the case accordingly. (R. Doc. 17).

According to Arboneaux, she engaged Woody Falgoust as
counsel on June 1, 2009. (R. Doc. 17, Ex. A). Three days later,
Falgoust allegedly filed a motion to enroll as new counsel of
record through the mail. (R. Doc. 17, Ex. B). According to
Falgoust, opposing counsel received the motion to enroll, but the
clerk of the Court either never filed the motion into the record
or never received the motion. (R. Doc. 19). Falgoust did not

attend the show cause hearing because he believed it moot given that Arboneaux had retained new representation. Arboneaux now moves the Court to reopen the case (R. Doc. 19) and Falgoust moves the Court to enroll him as counsel of record for Arboneaux. (R. Doc. 18). Arboneaux argues that the failure of the motion to enroll to appear in the record constitutes clerical mistake under Rule 60(a), and that Falgoust's failure to attend the hearing is excusable neglect under Rule 60(b). Defendant does not oppose the motion.

## III. LEGAL STANDARD AND ANALYSIS

### A. Clerical Mistake

Federal Rule of Civil Procedure 60(a) allows for relief from a judgment or order for a "cerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The Fifth Circuit has stated that "Rule 60(a) is to be applied where 'the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature....'" *Miller v. American Intern. Group, Inc.*, 125 Fed.App'x 578, **1 (5th Cir. 2005)(*citing Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*,

784 F.2d 665, 668 (1984)(en banc)).

Arboneaux argues that the failure of the Court to docket Falgoust's motion to enroll constitutes "clerical mistake." (R. Doc. 19). This argument improperly conflates clerical mistake regarding Falgoust's motion to enroll and clerical mistake concerning a judgment or order of the court. Rule 60(a) only applies to the later. Having not received Falgoust's motion to enroll, the Court issued no judgment on the motion. Thus, no judgment exist upon which clerical mistake or oversight is possibly corrected under Rule 60(a). The Court's order to show cause, however, explicitly stated that either Arboneaux, or her new counsel, should have appeared at the show cause hearing on June 24, 2009. (R. Doc. 14). Even assuming *arguendo* that the Court failed to docket Falgoust's motion, the failure would not make moot the Court's instructions in its order to show cause. The Court issued its order on June 3, 2009 and Arboneaux received it via certified mail the next day, three days after she obtained new counsel. (R. Doc. 15). The Court did not conduct the show cause hearing until June 24. This allowed Arboneaux and her new counsel ample time to comply with the Court's orders. Arboneaux does not argue that any clerical error exists in either the Court's order to show cause or the Court's order dismissing the suit with prejudice. (R. Doc. 19). Consequently, the Court does not find that Rule 60(a) provides adequate grounds to reopen this

case.


**B.    Excusable Neglect**

Arboneaux next argues that it should be relieved from this Court's order of dismissal under Rule 60(b). (R. Doc. 19). Rule 60(b) provides that "mistake, iandvertence, surprise, or excusable neglect" are grounds for relief from a judgment or order of the court. Fed. R. Civ. P. 60(b)(1). Arboneaux contends that Falgoust's failure to appear on her behalf at the show cause hearing is "excusable neglect." (R. Doc. 19). In support, Arboneaux cites the Sixth Circuit case *Brown v. Consolidated Rail Corporation.* 861 F.2d 719 (6th Cir. 1988). Though the *Brown* opinion is neither published nor precedential, the Court finds its rationale persuasive. In *Brown,* the plaintiff moved the district court to reopen its case after the court dismissed it for failure to obtain new counsel within an allotted thirty day time period. *Id.* The district court granted the plaintiff's motion on reconsideration, and the Sixth Circuit affirmed. *Id.* In so doing, the Sixth Circuit stressed that the *Brown* defendant never claimed to be prejudiced by the plaintiff's delay and that it was the district court that moved to dismiss the case, *sua sponte. Id.* In the present case, defendant Target Corporation does not oppose the present motion nor does Target claim to be prejudiced by Arboneaux's conduct in any way. The

speed in which Arboneaux obtained new counsel and moved the Court to reopen the case strongly suggest that Arboneaux has not "lost interest in this lawsuit." The Court therefore finds that Arboneaux's or her attorney's failure to appear constitutes "excusable neglect." Accordingly, the Court GRANTS Arboneaux's motion to reopen.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Arboneaux's motion to reopen and GRANTS Falgoust's motion to enroll as counsel.

New Orleans, Louisiana, this 2nd day of October, 2009.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE